UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ANTONIO JAIMES LAZARO,
(A#044-547-070),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX ICE DETENTION FACILITY, et
al.,

Respondents.

No.  1:26-cv-00060-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Factual and Procedural History**

Petitioner, a native and citizen of Mexico, was admitted to the United States in 1994 as a lawful permanent resident.  ECF No. 1.  He is currently detained at the Golden State Annex located within this judicial district.  ECF No. 1.  Petitioner has been in the custody of Immigration and Customs Enforcement (ICE) for more than six months, and alleges that he has not been provided a bond hearing before a neutral decision maker to determine whether his prolonged detention is justified based on danger or flight risk.  ECF No. 1 at 2.  He has a pending application for asylum, withholding of removal, cancellation of removal, and adjustment of his immigration

1

status.  ECF No. 1 at 5.  The petition's sole claim for relief alleges that petitioner's ongoing, prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 16.  By way of relief, petitioner asks the court to determine that his detention is not justified because the government has not established by clear and convincing evidence that he is a risk of flight or danger and to order his release.  Id.  In the alternative, petitioner asks the court to order his release within 30 days unless respondents schedule a hearing before an Immigration Judge ("IJ") where, to continue detention, the government must meet that same threshold.  Id.

In their motion to dismiss, respondents clarify that petitioner has been in ICE custody since August 12, 2025.  ECF No. 9-1 at 3.  Respondents contend that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c) pending removal based upon his aggravated felony convictions for attempted murder and assault with a deadly weapon.  ECF No. 9 at 1.  Respondents rely on the Supreme Court decision in Jennings v. Rodriguez, 583 U.S. 281, 283 (2018), for the proposition that petitioner's mandatory detention is authorized until the end of his removal proceedings.  ECF No. 9 at 2.  Accordingly, respondents request that the § 2241 petition be dismissed.

Petitioner filed a pro se reply brief indicating that he has requested a custody/bond determination hearing before an immigration judge pursuant to 8 C.F.R. § 1003.19, "but has been denied without just or penological reason other than my prior offense."  ECF No. 10 at 2.  However, petitioner does not provide a copy of the request or any IJ order denying such request.  ECF No. 10.  Therefore, there is not any evidence in the record that petitioner has been provided the bond hearing he requests in his § 2241 petition.  Petitioner also indicates in his reply that he has a pending motion to vacate his conviction or sentence pending in the Fresno County Superior Court pursuant to California Penal Code § 1473.7(a)(1).  ECF No. 10 at 2, 24-47.

**II.    Legal Standards**

The parties agree that petitioner remains subject to mandatory detention under 8 U.S.C. § 1226(c).  That provision states that the Attorney General "shall take into custody any [noncitizen] who" falls into one of the enumerated categories involving criminal or national security grounds,

§ 1226(c), and specifies that the Attorney General "may release" such a noncitizen "*only if* the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk.  Jennings, 583 U.S. at 303 (citing 8 U.S.C. § 1226(c)) (emphasis in original).  Petitioner's reported convictions bring his detention under § 1226(c).

### III.    Due Process Analysis

The petition raises an as-applied, procedural due process challenge to the constitutionality of petitioner's mandatory detention.  Petitioner has been detained for over eight months at this juncture.  Respondents do not dispute that petitioner has never received a bond hearing to determine whether his detention is justified based on danger or flight risk.

The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 531 (2003).  The Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal."  Id. at 513, 529 n.12, 530.  Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework:  "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Demore, 538 U.S. at 532 (Kennedy, J., concurring).  Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it."  Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in such situations.  Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024).  However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without

3

any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).  And other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c).  Recently, the Second Circuit held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024).  The undersigned finds this authority persuasive and agrees that Demore does not bar an as-applied challenge to his prolonged detention without a hearing to determine whether such detention is justified.  The next step is to determine the appropriate framework in which to analyze petitioner's procedural due process arguments.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c).  The undersigned is particularly persuaded by the Second Circuit's reasoning in Black, 103 F.4th at 145-49, that the Mathews test is flexible enough to account for the factors identified by federal courts when deciding whether detention under § 1226(c) has become unreasonably prolonged.  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an

4

erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

### IV.    Mathews Factors

#### A.  Private Interest

An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial."  Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011).  Courts of Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged.  See German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 211 (3d Cir. 2020); Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7-9 (1st Cir. 2021).  While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted).  Indeed, numerous courts within this Circuit have found due process violations where the length of mandatory detention without bond was similar to the length of detention at issue here.  See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent"); Sadeqi v. LaRose, No. 25-cv-2587-RSH-BJW, --- F.Supp.3d ----, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025) (noting that "examples abound" of district courts ordering a bond hearing where a petitioner was subject to mandatory detention for about a year and collecting cases).

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention.  See Lopez v. Garland, 631 F. Supp. 3d 870, 880-81 (E.D. Cal. 2022) (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing).  Accordingly, based on its duration to date without bond and the likelihood of continued mandatory detention during judicial review, the undersigned finds petitioner's detention is sufficiently "prolonged" and confers a

substantial private interest.

## B. Risk of Erroneous Deprivation

The second Mathews factor is "the risk of an erroneous deprivation of [petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor firmly favors petitioner for several reasons. First, there is no evidence that petitioner has been provided with a bonding hearing. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) (abrogated on other grounds). Indeed, "[i]n the absence of any meaningful initial procedural safeguards, it appears to us that almost any additional procedural safeguards at some point in the detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)). Accordingly, the second Mathews factor also weighs toward petitioner.

## C. Government Interest

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. Higher courts have repeatedly recognized that, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens].'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Courts have also recognized that the detention of noncitizens during removal proceedings can also serve the legitimate government purpose of preventing flight. Prieto-Romero, 534 F.3d at 1065 (citing Demore, 538 U.S. at 528). Thus, in some general way, the government has an interest in the detention of non-citizens held under § 1226(c). However, "the additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103

F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal.  After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)).  In petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal.

Administrative burden is a legally cognizable interest under Mathews.  But respondents' interest is further diminished by the low fiscal and administrative burdens associated with a bond hearing.  See D. L.C. v. Wofford, 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

**V.     Remedy**

For reasons explained above in the Mathews analysis, the undersigned finds petitioner's request for a bond hearing to be the appropriate relief in this case where the government has the burden of demonstrating by clear and convincing evidence that petitioner presents a risk of flight or danger.  See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases); Singh v. Chestnut, No. 1:26-cv-00127 DC SCR (HC), 2026 WL 766567 (E.D. Cal. March 18, 2026) (adopting Findings and Recommendations and granting a bond hearing).  This is the appropriate burden given the liberty interests at stake and recommends that petitioner receive a bond hearing before a neutral adjudicator at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention.  See Black, 103 F.4th at 157 ("[O]nce detention under section 1226(c) has become so prolonged that due process warrants a bond hearing . . . the government must justify continued detention at such a hearing . . .by clear and convincing evidence.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to provide Petitioner with a bond hearing before an

immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of issuance of such order.

3. Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

5. Respondents' motion to dismiss (ECF No. 9) be denied.

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. Judgement be entered in petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8